KAHN, Judge.
In this appeal brought by the Special Disability Trust Fund (Fund), we have occasion *261 to construe section 440.49, Florida Statutes (Supp.1994). This statute, amended in 1993[1] , controls the determination of statutory reimbursement from the Fund. As pertinent to this case, section 440.49 provides:
(1) LEGISLATIVE INTENT. [I]t is the purpose of this section to encourage the employment, reemployment, and accommodation of the physically disabled by reducing an employer’s insurance premium for reemploying an injured worker ... and to protect employers from excess liability for compensation and medical expense when an injury to a physically disabled worker merges with, aggravates, or accelerates his preexisting permanent physical impairment to cause either a greater disability or permanent impairment, or an increase in expenditures for temporary compensation or medical benefits than would have resulted from the injury alone ...
(2) DEFINITIONS ...
(c) “Merger” describes or means that:
1. If the permanent physical impairment had not existed, the subsequent accident or occupational disease would not have occurred;
2. The permanent disability or permanent impairment resulting from the subsequent accident or occupational disease is materially and substantially greater than that which would have resulted had the permanent physical impairment not existed, and the employer has been required to pay, and has paid, permanent total disability or permanent impairment benefits for that materially and substantially greater disability;
3. The preexisting permanent physical impairment is aggravated or accelerated as a result of the subsequent injury or occupational disease, or the preexisting impairment has contributed, medically and circumstantially, to the need for temporary compensation, medical, or attendant care and the employer has been required to pay, and has paid, temporary compensation, medical, or attendant care benefits for the aggravated preexisting permanent impairment; or
4.Death would have not been accelerated if the permanent physical impairment had not existed.
‡ ‡ ‡ ‡ ‡
(4) PERMANENT IMPAIRMENT OR PERMANENT TOTAL DISABILITY, TEMPORARY BENEFITS, MEDICAL BENEFITS, OR ATTENDANT CARE AFTER OTHER PHYSICAL IMPAIRMENT ...
(a) Permanent Impairment. — If an employee who has a preexisting permanent physical impairment incurs a subsequent permanent impairment from injury or occupational disease arising out of, and in the course of, his employment which merges with the preexisting permanent physical impairment to cause a permanent impairment, the employer shall, in the first instance, pay all benefits provided by this chapter; but subject to the limitations specified in subsection (6), such employer shall be reimbursed from the Special Disability Trust Fund created by subsection (8) for 50 percent of all impairment benefits. ...
(b) Permanent total disability. — If an employee who has a preexisting permanent physical impairment incurs a subsequent permanent impairment from injury or occupational disease arising out of, and in the course of, his employment which merges with the preexisting permanent physical impairment to cause permanent total disability, the employer shall, in the first instance, pay all benefits provided by this chapter; but, subject to the limitations specified in subsection (6), such employer shall be reimbursed from the Special Disability Trust Fund created by subsection (8) for 50 percent of all compensation for permanent total disability.
(c) Temporary compensation and medical benefits; aggravation or acceleration of preexisting condition or circumstantial causation. — If an employee who has a preexisting permanent physical impairment experiences an aggravation or accel *262 eration of the preexisting permanent physical impairment as a result of an injury or occupational disease arising out of and in the course of his employment, or suffers an injury as a result of a merger as defined in s. jj,049(l)(b)2., the employer shall provide all benefits provided by this chapter, but, subject to the limitations specified in subsection (7), the employer shall be reimbursed by the Special Disability Trust Fund created by subsection (8) for fifty percent of its payments for temporary, medical, and attendant care benefits.
§ 440.49, Fla. Stat. (Supp.l994)(emphasis supplied). This case comes with an unusual twist. The emphasized part of section 440.49(4)(c) refers to “s. 440.49(1)(b)2”, a subsection that does not exist. The parties agree that the reference to a nonexistent statute creates an ambiguity in the meaning of merger, for purposes of section 440.49(4)(c). The 1994 provision which defines “merger” is actually section 440.49(2)(c), Florida Statutes (Supp.1994); the 1993 “merger” provision was section 440.49(2)(b)2, Florida Statutes (1993)[2].
The single issue tried before the Judge of Compensation Claims (JCC) was what the employer/carrier must now prove for reimbursement of medical and temporary benefits. The JCC found “the mistaken reference to section 440.49(l)(b)2 (should be interpreted) as a reference to the only available merger definition section, section 440.49(2)(e)_” He therefore rejected the Fund’s argument that the Legislature could only have intended to include a limited category of mergers in the reimbursement provision of (4)(c). We affirm.
In our view, the mention of section 440.49(1) (b)2, though typographically flawed, must have been meant by the drafters to refer to section 440.49(2) (b)2, which was in fact the merger provision in the old statute. Apparently, after adding the temporary compensation and medical benefits reimbursement provision in (4)(c), the drafters rewrote and renumbered the merger definition, now found at (2)(e). Unfortunately, no one corrected the reference to the old merger statute.
The Fund argues that use of the merger definition in 440.49(2)(e) eliminates the need for the “aggravation or acceleration” language in (4)(c). This is so, says the Fund, because the merger definition in (2)(c) itself includes aggravation and acceleration. The Fund fails to recognize, however, that the 1993 merger statute had only three types of merger and did not include an “aggravation or acceleration” merger, a provision added in the rewrite effective January 1,1994. This is more evidence that the drafters meant to refer to the existing merger definition, but neglected to revise the reference when they amended the definition of merger.
By our resolution of this dispute, we lay no claim to having untied a Gordian knot. Instead, we have rendered operable a statute that literally defied comprehension. We appreciate the Fund’s concern that the extensive revisions of the Workers’ Compensation Law were intended in part to extend the vitality of the Fund by narrowing instances of allowable reimbursement. Nevertheless, because judges are empowered to construe, but not to rewrite, we must leave further preventive maintenance to the Florida Legislature.
AFFIRMED.
BARFIELD, C.J., and DAVIS, J., concur.

. Ch.93-415, § 43, Laws of Florida.

. Section 440.49(2)(b)2, Florida Statutes (1993) provided:
2. “Merger” describes or means that:
a. Had the permanent physical impairment not existed, the subsequent accident or occupational disease would not have occurred;
b. The permanent disability, permanent impairment, or wage loss resulting from the subsequent accident or occupational disease is materially and substantially greater than that which would have resulted had the permanent physical impairment not existed and the employer has been required to pay, and has paid, permanent total disability, permanent impairment, or wage-loss benefits for that materially and substantially greater disability; or
c.Death would not have been accelerated had the permanent physical impairment not existed.